

**IT IS ORDERED as set forth below:**

**Date: November 26, 2019**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| In re: | | CASE NUMBER |
|---|---|---|
| WILLIAM HAL TARWATER and MARCIE KIM TARWATER, | | 19-59643-PMB |
| Debtors. | | CHAPTER 13 |

**ORDER DENYING MOTION TO DEEM
LATE FILED PROOF OF CLAIM AS TIMELY FILED**

This matter came before the Court on the *Motion to Deem Late Filed Proof of Claim as Timely Filed* (Docket No. 35)(the "Motion") filed by Brian Will and Wrig Gustons LLC's (the "Movants") on October 9, 2019. In response, Melissa J. Davey, the Standing Chapter 13 Trustee, (the "Chapter 13 Trustee"), filed the *Chapter 13 Trustee's Response to Motion to Deem Late Filed Proof of Claim as Timely Filed* (Docket No. 43)(the "Response"). The Motion and Response came on for hearing on November 21, 2019 at 10:00 a.m. (the "Hearing"). Present at the Hearing were the Debtors, counsel for the Debtors, counsel for the Movants, and counsel for the Chapter 13 Trustee.

At the Hearing, the Movants sought to have this Court deem their late-filed proof of claim timely filed. The Movants' proof of claim (the "<u>Proof of Claim</u>") relates to their claims against the Debtors that have been asserted in an action against the Debtors in the Superior Court of Cobb County.[1] At the Hearing, the Movants acknowledged that the Proof of Claim was filed forty (40) days after August 30, 2019, the claims bar date in this case. The Movants argued that the Proof of Claim should be deemed timely-filed because it was filed late due to "excusable neglect", and Federal Rule of Bankruptcy Procedure 9006(b) permits the Court to extend the deadline in those circumstances. In Response, the Chapter 13 Trustee argued that excusable neglect was not a basis to allow a late-filed proof of claim in a Chapter 13 case.

11 U.S.C. § 502(b)(9) provides that, with exceptions not relevant here, untimely claims are not allowed. Federal Rule of Bankruptcy Procedure 3002(c) establishes when a claim is "timely" filed in a Chapter 13 case. In this case, that deadline was August 30, 2019.

Rule 9006(b)(1) provides for the expansion of the time to perform an act, including filing a proof of claim, where the failure to do that act was the product of excusable neglect, "[e]xcept as provided in paragraphs (2) and (3) of this subdivision . . . ." Fed. R. Bankr. P. 9006(b)(1). "Subsections (b)(2) and (b)(3) of Rule 9006 enumerate those time requirements excluded from the operation of the 'excusable neglect' standard." <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 389 n.4 (1993). Rule 9006(b)(3) expressly provides that the enlargement of time permitted by Rule 9006(b)(1) does not apply to certain Rules that contain their own standards for extending the relevant time period, providing instead that the standards contained in those

---

[1] The same claims were asserted by the Movants in Adversary Proceeding 19-5309, in which the Movants seek to liquidate the claims and have them declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

Rules alone apply to extensions of time under them. Fed. R. Bankr. P. 9006(b)(3). Federal Rule of Bankruptcy Procedure 3002(c) is one of the Rules listed in Rule 9006(b)(3).

Rule 3002(c) specifically enumerates seven (7) distinct exceptions to the deadline for filing a proof of claim in a Chapter 7, 12, or 13 case. Excusable neglect is not one of those specifically enumerated exceptions. Consequently, "excusable neglect" is not a viable basis to extend the time to file a proof of claim in a Chapter 13 case.

Accordingly, for the aforementioned reasons and for the reasons stated on the record at the Hearing, it is **ORDERED** that the Motion is **DENIED**.

The Clerk's office is directed to serve this Order on the Debtors, counsel for the Debtors, the Movants, counsel for the Movants, and the Chapter 13 Trustee.

**[END OF DOCUMENT]**